# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARCO GARCIA, JOSHUA MACKIN, and EUGENE LALLOW, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:17-CV-109-TLS |
| DAVID GLADIEUX, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiffs Marco Garcia, Joshua Mackin, and Eugene Lallow bring this action on behalf of themselves and all others similarly situated against Defendant David Gladieux, the Allen County Sheriff. The Plaintiffs allege that the Defendant discriminatorily and substantially burdens their exercise of religion in violation of the First Amendment, the Indiana Constitution, the Religious Land Use and Institutionalized Persons Act, and the Religious Freedom Restoration Act. This matter is before the Court on the Plaintiffs' pending Motion to Certify Class [ECF No. 5], filed on March 22, 2017. To date, there has been no response by the Defendant to the Plaintiffs' Motion, the Plaintiffs have been granted an Extension of Time to Amend [ECF No. 27], and the parties have entered discovery.

The law in this Circuit used to be that when a plaintiff received an offer of judgment for full relief requested, the claim became moot. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), *overruled in part by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015). In the class action context, mooting the claim of a would-be class representative could head off the specter of a larger case. Plaintiffs typically avoided this result by filing a "placeholder"

motion for class certification. The pending Motion would serve to protect a putative class from attempts to buy off the named plaintiffs. *Id.* Meanwhile, "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.* It appears that the Plaintiffs have filed such a placeholder in this case.

After *Chapman*, the premature filing of a motion for class certification is no longer necessary to prevent buy-off because a defendant's offer of compensation does not moot the litigation or otherwise end the Article III case or controversy. 796 F.3d at 787. The Court further finds that filing a motion that the parties are not yet ready to support or defend, and upon which the Court is not yet able to rule, does not promote the efficient administration of justice. In this case, the Plaintiffs may still amend their pleadings, which will require another response from the Defendant. Additionally, the parties are still in the process of discovery, and no party has indicated that the certification issue is ripe for adjudication.

The Court, finding no reason to consider the certification issue at this time, DENIES the Motion to Certify Class [ECF No. 5] as PREMATURE, but WITHOUT PREJUDICE to refiling at the appropriate juncture of the case.

SO ORDERED on March 12, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT